STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, NV 89511
Telephone: (775) 786-7600
E-Mail: steve@harrislawreno.com

BARBARA L. YONG, ESQ.
Illinois Bar No. 6184000
ROBERT R. BENJAMIN, ESQ.
Illinois Bar No. 0170429
CAREN A. LEDERER, ESQ.
Illinois Bar No. 6244631
BEVERLY A. BERNEMAN, ESQ.
Illinois Bar No. 6189418
ANTHONY J. D'AGOSTINO, ESQ.
Illinois Bar No. 6299589
GOLAN CHRISTIE TAGLIA LLP
70 West Madison Street, Suite 1500
Chicago, IL 60602
Telephone: (312) 263-2300
E-Mail: blyong@gct.law
E-Mail: rrbenjamin@gct.law
E-Mail: calederer@gct.law
E-Mail: baberneman@gct.law
E-Mail: ajdagostino@gct.law

Proposed Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| IN RE:<br><br>SIERRA CHEMICAL CO., a Nevada domestic corporation,<br><br>Debtor. | Case No. 17-51019-btb<br><br>(Chapter 11)<br><br>**EMERGENCY MOTION FOR ORDER AUTHORIZING MAINTENANCE OF PREPETITION BANK ACCOUNTS AND FOR APPROVAL OF INTERCOMPANY CASH MANAGEMENT SYSTEM**<br><br>Hearing Date: OST Pending<br>Hearing Time: OST Pending |

1

|                |                    |
|----------------|--------------------|
| Est. Time:     | 15 minutes         |
| Set by:        | Judge Beesley      |

SIERRA CHEMICAL CO., a Nevada domestic corporation ("Debtor"), by and through its proposed attorneys STEPHEN R. HARRIS, ESQ. of HARRIS LAW PRACTICE LLC and BARBARA L. YONG, ESQ., ROBERT R. BENJAMIN, ESQ., CAREN A. LEDERER, ESQ., BEVERLY A. BERNEMAN, ESQ., and ANTHONY J. D'AGOSTINO, ESQ., of GOLAN CHRISTIE TAGLIA, hereby move this Court for entry of an emergency order authorizing the maintenance of the Debtor's prepetition Bank Accounts (all as hereinafter defined) and intercompany cash management system.

This Motion is based on the points and authorities below, the papers and pleadings on file herein including the Declaration of David J. Kuzy ("Kuzy Declaration"), and any evidence or oral argument of counsel presented at the time of the hearing on this Motion.

## I.

## INTRODUCTION

1. On August 30, 2017 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Sierra Chemical Co., ("Sierra") is a Nevada domestic corporation.

2. No request has been made for the appointment of a trustee or examiner, and no official committees have yet been established in these cases.

## II.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M).

4. The basis for the relief sough herein are Sections 105 and 363 of the Bankruptcy Code, Fed.R. Bankr. P. 4001 and 6003, and LR 4001.

5. Venue of Debtor's Chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.

## BACKGROUND

6. Debtor is in the business of manufacturing and distributing environmental chemicals for municipal, industrial and mining markets, supplying water treatment plants, agricultural facilities and food processors with essential chemicals from its production bases. The headquarters for the Debtor's business is located in Sparks, Nevada, and the Debtor also has a production facility in Stockton, California. As of the Petition Date, the Debtor collectively employs approximately 48 employees.

## IV.

## RELIEF REQUESTED

**A.    The Debtor's Bank Accounts**

7. To manage its business affairs efficiently and seamlessly, the Debtor must continue to utilize certain existing bank accounts (collectively, the "Bank Accounts") post-petition. The Bank Accounts are essential for the Debtor's continued status of staying in business as a going concern. A summary detailing the Bank Accounts used by the Debtor, including the bank balances on the Petition Date, is attached hereto as **Exhibit A** hereto and incorporated herein by that reference.

8. Post-petition, the Debtor proposes to retain its current Bank Accounts to avoid interruption in its ongoing business practices which require daily electronic deposit and withdrawal activity from the Bank Accounts. As indicated on Exhibit "A", the Bank Accounts are located at Bank of America.

9. As indicated in Paragraph 6 above, the Debtor's revenue is derived from the sale and distribution of chemicals to municipalities and industrial customers. As set forth in the Kuzy Declaration, Debtor's continuity of business requires the uninterrupted access to its Bank Accounts.

10. The Debtor deposits its own revenues from its designated bank account, on a regular basis, in order to pay general overhead, rents, and payroll expenses. *See* Kuzy Declaration.

**B.    Specific Procedures Requested**

11.    Through this Motion, the Debtor requests that this Court grant the following relief and authorize the following procedures:

    a.    that the Debtor is authorized and empowered to: 1) maintain all of its Bank Accounts in existence as of the Petition Date and as listed and described in **Exhibit A**; 2) treat the Bank Accounts for all purposes as Debtor-In-Possession Accounts; 3) use, in its present form, existing checks and other documents related to the Bank Accounts; 4) pay post-petition ordinary course bank fees in connection with the Bank Accounts; and 5) perform its obligations under the documents and agreements governing the Bank Accounts;

    b.    that the Bank at which the Debtor maintains Bank Accounts is authorized and directed to: 1) continue to administer, service, and maintain the Bank Accounts as such Bank Accounts were administered, serviced, and maintained prior to the Petition Date, without interruption and in the usual and ordinary course; and 2) to pay any and all checks, drafts, wires, automated clearinghouse transfers, electronic fund transfers, or other items presented, issued, or drawn on the Bank Accounts (collectively, the "Debits") arising on or after the Petition Date, so long as there are sufficient collected funds in the relevant Bank Accounts and in accordance with the agreements governing said Bank Accounts, including, without limitation, any prepetition cash management agreements, merchant service agreements, or treasury services agreements;

    c.    that Debits issued on the Bank Accounts prior to, but presented after, the commencement of the Debtor's Chapter 11 cases are honored and paid;

    d.    that if the Debtor deems that any transactions should not be honored, that the Debtor shall promptly furnish to the Bank a list of those Debits drawn or issued that should not be paid.  The Bank is authorized and directed to rely on the representations of the Debtor as to which Debits are authorized to be honored and dishonored, whether or not such Debits are dated prior to, on, or subsequent to the Petition Date, and whether or not the Bank believes the payment is authorized by an order of the Court.  To the extent

that the Debtor directs that any Debit be dishonored, the Debtor may issue replacement Debits consistent with the orders of this Court.

  e. that the Bank is authorized to debit the Debtor's Bank Accounts in the ordinary course of business for all Debits presented for payment or exchanged for cashier's checks prior to the commencement of the Debtor's Chapter 11 Case;

  f. that nothing contained in this Motion or its subsequent order may prevent the Debtor from closing the Bank Accounts as it deems necessary and appropriate;

  g. that the Debtor reimburses the Bank for any claim arising prior to or after the Petition Date in connection with Debits deposited with the Bank which have been dishonored or returned for insufficient funds in the applicable accounts;

  h. that the Bank that maintained one or more Bank Accounts implements reasonable handling procedures to effectuate the terms requested in this Motion. The Debtor requests that no Bank that implements such handling procedures be liable to the Debtor or its estate, or otherwise held in violation of this Motion or its subsequent order, for honoring a prepetition Debit or other Debit: 1) at the direction of the Debtor that such prepetition Debit or other Debit be honored; 2) in the good faith belief that the Court has authorized that such prepetition Debit or other Debit be honored; or 3) as a result of an innocent mistake made despite implementation of such handling procedures;

  i. that the relief, rights, and responsibilities requested herein are deemed to apply to any and all Bank Account maintained in the Debtor's name;

  j. that to the extent any other order is entered directing the Bank to honor Debits made, drawn, or issued in payment of prepetition claims, the obligation to honor such items are subject to the order authorizing this Motion;

  k. that the Debtor and the Bank are authorized and directed to continue to perform pursuant to the terms of any prepetition documents and agreements governing the Bank Accounts, except and to the extent otherwise directed by the terms of this order. The Debtor requests that the Bank be authorized to continue offsetting any funds deposited in the Bank Accounts by the Debtor to the extent necessary to cover any fees,

charges, and assessments set forth or provided for in the agreements governing the Bank Accounts or as otherwise permitted in the ordinary course of business pursuant to the agreements governing the Bank Accounts. The parties to such agreements seek to continue to enjoy the rights and remedies afforded them under such agreements, except to the extent modified by the Court or by operation of the Bankruptcy Code.

**V.**

**LEGAL ARGUMENT**

**A.     The Court Has The Authority To Grant The Relief Requested**

12.     Uncertainty and risk surround the inception of every Chapter 11 case. Included within this class of risks is a debtor-in-possession's struggle to maintain current operations. In this Chapter 11 case, the Debtor urgently requires the continued use of its Bank Accounts. Absent the Bank Accounts, there is the certainty that the Debtor's Chapter 11 estates will sustain irreparable damage by losing customers, vendors and revenues. To avert this prospect, the Debtor seeks authority to continue the operation of its existing Bank Accounts.

**B.     Cause Exists To Authorize The Debtor To Utilize Existing Bank Accounts**

13.     A necessary aspect of the Debtor maintaining its business is the Debtor being permitted to continue to utilize its existing Bank Accounts and continue intercompany transfers of funds to pay common overhead expenses. As numerous courts have indicated, the Bankruptcy Code grants discretionary authority to a bankruptcy court to allow the continued use of bank accounts and merchant accounts. See, e.g., In re The Charter Co., 778 F.2d 618 (11th Cir. 1985) (court noted that the bankruptcy court authorized the Debtor to maintain its existing bank accounts); In re Lorber Indus. of Cal., 373 B.R. 663, 665 (B.A.P. 9th Cir. 2007) (discussing that the bankruptcy court allowed the debtor to continue using its prepetition workers' compensation program bank account for the purposes of administering benefits); In re Grant Broad., Inc., 75 B.R. 819, 820 (E.D. Pa. 1987) (court noted an order by the bankruptcy court authorizing use of cash collateral and prepetition bank accounts); In re Charter Behavioral Health Systems, LLC, 292 B.R. 36, 41 (Bankr. D. Del. 2003) (court allowed the Debtor to continue to use its existing bank accounts without the necessity to close all prepetition accounts

Stephen R. Harris, Esq., Harris Law Practice LLC, 6151 Lakeside Drive, Suite 2100, Reno, NV 89511, 775-786-7600
Barbara L. Yong, Esq., Robert R. Benjamin, Esq., Caren A. Lederer, Esq., Beverly A. Berneman, Esq., Anthony J. D'Agostino, Esq., Golan Christie Taglia LLP, 70 W. Madison Street, Suite 1500, Chicago, IL 60602, 312-263-2300

and open new post-petition accounts); <u>In re Hechinger Inv. Co. Of Del., Inc.</u> 282 B.R. 149, 150 (Bankr. D. Del. 2002) (court entered an order on the petition date authorizing the Debtor to continue to use its existing prepetition bank accounts); <u>In re UAL Corp.</u>, 2002 WL 34344255, 1 (Bankr. N.D. Ill. 2002) (court authorized the Debtor, within the reasonable exercise of its business judgment, to continue using all of its bank accounts in existence on the petition date); <u>In re New York City Shoe, Inc.</u>, 78 B.R. 426, 427 (Bankr. E.D. Pa. 1987) (court approved of the debtor's continued routine deposits of post-petition funds into prepetition bank accounts).

14. Pursuant to U.S. Trustee Guideline 4.46, a Chapter 11 debtor in possession must close its prepetition bank accounts and open new accounts. This requirement is designed to: (a) provide a clear line of demarcation between prepetition and post-petition transactions and operations; and (b) block the inadvertent payment of prepetition claims through the payment of checks drawn prior to the commencement of a debtor's case. However, courts often deviate from the strict recommendations of Guideline 4.4.6 based upon the unique circumstances of each case and if doing so facilitates a debtor's successful reorganization. See, e.g., <u>In re The Colad Group, Inc.</u>, 324 B.R. 208, 217 (Bankr. W.D.N.Y 2005); <u>In re Charter Behavioral Health Sys., LLC</u>, 292 B.R. at 41.

15. As stated in the <u>Kuzy Declaration</u>, to require the Debtor to close its Bank Accounts and to open new bank accounts would cause substantial disruption and delay in the Debtor's ongoing business operations and would materially and adversely affect the Debtor's business. To avoid such problems and to ensure as smooth a transition into Chapter 11 as possible, it is imperative that the Debtor be permitted to continue using its current existing Bank Accounts and intercompany cash management system in order to pay common overhead post-petition expenses in the ordinary course of business.

16. The Debtor requests that its Bank Accounts be deemed and designated as Debtor-in-Possession Accounts, and that its maintenance and continued use, in the same manner and with the same account numbers, styles and document forms (including checks) as during the prepetition period, be authorized, subject only to: (a) designation of the Bank Accounts as Debtor-in-Possession Accounts; and (b) a prohibition against honoring prepetition checks

without specific authorization from this Court and the Debtor. The Debtor will advise the Bank not to honor checks issued prior to the commencement of this Chapter 11 Case, except as authorized by this Court. By so advising the Bank, the Debtor will have achieved the goals of the bank-account-closing requirement (a) establishing a clear demarcation between prepetition and post-petition checks, and (b) blocking the inadvertent payment of prepetition checks without disrupting the Debtor's ongoing business operations.

17. The Court has the authority to grant the relief requested by the Debtor concerning its Bank Accounts under Section 105 and 363 of the Bankruptcy Code, and it is proper for this Court to grant such relief as it is in the best interest of the creditors of the Debtor's estate. Again, Section 105(a) provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Because the maintenance and continued use of the Bank Accounts is crucial to the Debtor's ongoing business operations, and ultimately its reorganization, this Court has the authority to order the relief sought herein by virtue of Section 105(a).

**C.    The Requirements Of Bankruptcy Rule 6003 Have Been Satisfied And Bankruptcy Rule 6004(h) Is Properly Waived**

18. Pursuant to Sections 105(a) and 363(c)(1) of the Bankruptcy Code, the Debtor requests that this Court authorize the Debtor to continue the collection and disbursement of cash in accordance with its existing Bank Accounts, because the disruption would seriously harm the Debtor and its estate.

19. However, Fed. R. Bankr. P. 6003(b) provides "except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, issue an order granting the following: . . . a motion to use, sell, lease or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before filing of the petition. . ." As described above and in the Kuzy Declaration, if the Bank Accounts are disrupted, the Debtor will likely be unable to escape the immediate and irreparable harm that will follow. In order to ensure the Debtor's chances of

8

successfully reorganizing and maximizing value for the Debtor's creditors, this Court should find that the exception set forth in Fed. R. Bankr. P. 6003 applies in this Chapter 11 Case.

20.     Moreover, Fed. R. Bankr. P. 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of order, unless the court orders otherwise." In view of the urgency of the relief requested herein and the risk to the Debtor's operations if the Debtor's Bank Accounts are interrupted, a 14 day stay of the relief sought herein is impractical. Accordingly, the Debtor requests that this Court waive the stay under Fed. R. Bankr. P. 6004(h) and provide in the order granting the relief sought herein that such order shall be effective immediately *nunc pro tunc* to the Petition Date.

## VI.
## CONCLUSION

WHEREFORE, Debtor respectfully requests that the Court enter an order authorizing the maintenance of the Debtor's prepetition Bank Accounts and continued intercompany cash management system as set forth herein and in the Kuzy Declaration, and that any such order include a waiver of the stay under Rule 6004(h); and for such other relief as is just and proper.

Dated this 30th day of August, 2017

*/s/ Barbara L.Yong*
_____
Barbara L. Yong, Esq.

STEPHEN R. HARRIS
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, NV 89511

BARBARA L. YONG, ESQ.
ROBERT R. BENJAMIN, ESQ.
CAREN A. LEDERER, ESQ.
BEVERLY A. BERNEMAN, ESQ.
ANTHONY J. D'AGOSTINO, ESQ.
GOLAN CHRISTIE TAGLIA LLP
70 West Madison Street, Suite 1500
Chicago, IL 60602

Proposed Attorneys for Debtor

9

# EXHIBIT "A"

| Bank Name | Bank Address | Bank Account Number | Account Name | Account Type | Balance August 30, 2017 |
|---|---|---|---|---|---|
| Bank of America | 135 S. LaSalle Street, Chicago, IL 60603 | xxx2968 | Operating Account | Checking | $0.00 |
| Bank of America | 135 S. LaSalle Street, Chicago, IL 60603 | xxx2968 | Controlled Disbursement | Checking | $0.00 |