NICHOLAS STROZZA, ASSISTANT U.S. TRUSTEE
State Bar #CA 117234
WILLIAM B. COSSITT, #3484
JARED A. DAY, #CA 275687
Office of the United States trustee
300 Booth Street, Room 3009
Reno NV  89509
Telephone: (775) 784-5335
Fax: (775) 784-5531
Nick.Strozza@USDOJ.gov
Bill.Cossitt@USDOJ.gov
Jared.A.Day@USDOJ.gov

Attorneys for United States Trustee
Tracy Hope Davis

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: ) | Case no: BK-N-17-51019-BTB |
| ) | Chapter 11 |
| SIERRA CHEMICAL CO., ) | |
| ) | US TRUSTEE'S OPPOSITION TO |
| ) | DEBTOR'S EMERGENCY MOTION FOR |
| ) | APPROVAL OF INTERCOMPANY CASH |
| ) | MANAGEMENT SYSTEM[1] |
| ) | |
| ) | Hearing Date: September 6, 2017 |
| ) | Hearing Time:  2:00 p.m. |
| Debtor. ) | Est. Time Req.: 30 min. |

  Tracy Hope Davis, the United States Trustee for Region 17 ("US Trustee"), by and

through her undersigned attorney hereby submits her Opposition to Debtor's Emergency Motion

For Approval Of Intercompany Cash Management System ("Motion" Docket #6), because the

Debtor has not demonstrated that the "intercompany cash management system" meets the

---

[1] The US Trustee does not oppose the portion of the Motion seeking approval for the Debtor's continued use of its bank accounts, so long as they are designated "debtor-in-possession" accounts by Bank of America, as indicated in the Motion, and in compliance with Section 345(b).  ECF 6, pg. 7, ¶16.

1

statutory requirements to borrow money post-petition.  11 U.S.C. § 364 and Federal Rule of Bankruptcy Procedure ("FRBP") 4001.

This Opposition is based upon the following points and authorities, the entire record in this case of which the US Trustee respectfully requests the Court take judicial notice, and such evidence as may be introduced at the hearing on this Motion.

## POINTS AND AUTHORITIES

Pursuant to 28 U.S.C. § 586(a)(3), the US Trustee is charged with supervising the administration of cases and trustees under the Bankruptcy Code.  To enable the US Trustee to carry out that duty, Congress has granted the US Trustee standing to raise and to "appear and be heard on any issue in any case or proceeding" brought under the Bankruptcy Code.  11 U.S.C. § 307.  The US Trustee consents to this Court entering final orders and judgments in this matter.

## Statement of Facts:

1. The Debtor has not yet filed complete schedules and statements or provided documentation to the US Trustee.

2. The Debtor's Petition indicates that it is insolvent, with assets up to $10 million and liabilities from $10 million to $50 million.  ECF 1, pg. 3.

3. The Motion seeks approval to sweep the Debtor's bank accounts to its parent, "Carus".  ECF 7, ¶5.

4. The Debtor needs its own revenues in order to pay general overhead, rents and payroll expenses.  ECF 6, ¶10.

5. The supporting declaration does not state that the Debtor operates profitably, therefore, it is unknown whether continued operations are beneficial.  ECF 7.

2

6. The supporting declaration does not state that the Debtor's "intercompany cash management system" and/or its "revolving loan with Carus, the owner of its stock" is "unsecured debt in the ordinary course of business", as required by Section 364(a). ECF 7; 11 U.S.C. § 364(a).

7. The terms of the "intercompany cash management system" and/or the "revolving loan with Carus" are not disclosed for review by the Court and interested parties. See, FRBP 4001(c)(1)(A).

## Application of facts and legal authorities:

Obtaining credit post-petition is governed by Section 364 and FRBP 4001, not Sections 105 and 363. ECF 6, ¶4. The Court's equitable Section 105 authority is limited by the other, more specific, sections of the Bankruptcy Code. Law v. Siegel, 134 S.Ct. 1188, 188 L. Ed.2d 146 (2014) (Section 105 does not allow the court to ignore Section 522, by ordering a debtor's exemption to be used to pay a trustee's attorney fees); Hamilton v. Lumsden (In re Geothermal Resources Int'l, Inc.), 93 F.3d 278 (9th Cir. 1996) (court may not in the name of equity ignore specific statutory mandates).

Section 364(a) only allows post-petition unsecured debt in the ordinary course of business. All other post-petition debt requires notice, a hearing, and a copy of the proposed terms of the lending. 11 U.S.C. § 364; FRBP 4001.

In the Ninth Circuit, "ordinary course of business" is determined by a two part test: first, ordinary is compared to other businesses in the industry (horizontal test) and second, prepetition transactions are compared with the post-petition transaction in question (vertical test). In re Dant & Russell, Inc., 853 F.2d 700 (9th Cir. 1988). The Debtor has not provided the evidentiary basis to establish either test.

Without schedules and statements on file, it is unknown whether the Debtor has any secured creditors, and if so whether they have a security interest in the Debtor's cash and accounts receivables. No terms of the "intercompany cash management system" and/or "revolving loan with Carus, the owner of its stock" have been disclosed, so it is unknown if the proposed new debt will be secured or unsecured, as required by Section 364(a). No cash collateral stipulation has been filed with the Court. See, ECF 8, ¶13 ("The Debtor intends to file an agreed stipulation for the continued use of cash collateral, ….").

Without further information, the Court should not blindly approve the Debtor's "intercompany cash management system" and/or "revolving loan with Carus, the owner of its stock". ECF 7.

## **CONCLUSION**

WHEREFORE, for all the reasons stated above, the US Trustee respectfully requests the Court deny approval of the "intercompany cash management system" and/or "revolving loan with Carus, the owner of its stock", and grant such other relief as the Court deems proper.

DATED this 5th day of September, 2017.

Respectfully submitted,

Nicholas Strozza
State Bar # CA 117234
William B. Cossitt
State Bar #3484
300 Booth Street, #3009
Reno NV 89509
(775) 784-5335

/s/ WILLIAM B. COSSITT
_____
Attorneys for United States Trustee
Tracy Hope Davis

4

**CERTIFICATE OF SERVICE**

1.　On September 5, 2017 I served the foregoing US TRUSTEE'S OPPOSITION TO DEBTOR'S EMERGENCY MOTION FOR APPROVAL OF INTERCOMPANY CASH MANAGEMENT SYSTEM.

2.　I served the above-named document( by the following means to the persons as listed below:

☑　a.  ECF System:

- ROBERT R. BENJAMIN    rrbenjamin@gct.law, mperez@gct.law;myproductionss@gmail.com;tstephenson@gct.law
- ANTHONY J. D'AGOSTINO    ajdagostino@gct.law, mperez@gct.law;myproductionss@gmail.com;tstephenson@gct.law
- STEPHEN R HARRIS    steve@harrislawreno.com, hannah@harrislawreno.com;norma@harrislawreno.com
- CAREN A. LEDERER    calederer@gct.law, mperez@gct.law;myproductionss@gmail.com;tstephenson@gct.law
- U.S. TRUSTEE - RN - 11    USTPRegion17.RE.ECF@usdoj.gov
- BARBARA L YONG    blyong@gct.law, mperez@gct.law;myproductionss@gmail.com;tstephenson@gct.law

☑　b.  U.S. Mail, postage fully prepaid:

SIERRA CHEMICAL CO.
2302 LARKIN CIRCLE
SPARKS, NV 89431

I declare under penalty of perjury that the foregoing is true and correct.

　　　　DATED this 5th day of September, 2017.

　　　　　　　　　　　　　　　　　　/s/ Robbin Little
　　　　　　　　　　　　　　　　　　ROBBIN LITTLE

5