NICHOLAS STROZZA, ASSISTANT U.S. TRUSTEE
State Bar #CA 117234
WILLIAM B. COSSITT, #3484
JARED A. DAY, #CA 275687
Office of the United States trustee
300 Booth Street, Room 3009
Reno NV  89509
Telephone: (775) 784-5335
Fax: (775) 784-5531
Nick.Strozza@USDOJ.gov
Bill.Cossitt@USDOJ.gov
Jared.A.Day@USDOJ.gov

Attorneys for United States Trustee
Tracy Hope Davis

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case no: BK-N-17-51019-BTB |
| | Chapter 11 |
| SIERRA CHEMICAL CO., | |
| | US TRUSTEE'S OPPOSITION TO DEBTOR'S EMERGENCY MOTION AUTHORIZING DEBTOR TO PAY CRITICAL VENDORS[1] |
| | Hearing Date: September 6, 2017 |
| | Hearing Time:  2:00 p.m. |
| Debtor. | Est. Time Req.: 30 min. |

　　Tracy Hope Davis, the United States Trustee for Region 17 ("US Trustee"), by and through her undersigned attorney hereby submits her Opposition to Debtor's Emergency Motion Authorizing Debtor To Pay Critical Vendors ("Motion" Docket #8), because the Debtor has not provided the evidentiary basis to allow the payment of pre-petition debts:

　　1.  That the vendors will stop supplying unless paid;

---

[1] The US Trustee does not oppose the portions of the Motion seeking approval to pay employee obligations or to authorize financial institutions to honor related transfers.  ECF 8.

1

  2. That the product is not otherwise available; and

  3. That unpaid pre-petition unsecured claims will be better off.

This Opposition is based upon the following points and authorities, the entire record in this case of which the US Trustee respectfully requests the Court take judicial notice, and such evidence as may be introduced at the hearing on this Motion.

## **POINTS AND AUTHORITIES**

Pursuant to 28 U.S.C. § 586(a)(3), the US Trustee is charged with supervising the administration of cases and trustees under the Bankruptcy Code.  To enable the US Trustee to carry out that duty, Congress has granted the US Trustee standing to raise and to "appear and be heard on any issue in any case or proceeding" brought under the Bankruptcy Code.  11 U.S.C. § 307.  The US Trustee consents to this Court entering final orders and judgments in this matter.

## **Statement of Facts:**

  1. The Debtor has not yet filed complete schedules and statements or provided documentation to the US Trustee.

  2. The Debtor's Petition indicates that it is insolvent, with assets up to $10 million and liabilities from $10 million to $50 million.  ECF 1, pg. 3.

  3. The Motion seeks approval to pay 10 pre-petition creditors a total of $1,113,164.42.  ECF 8, Exb. B.

  4. The Debtor needs its own revenues in order to pay general overhead, rents and payroll expenses.  ECF 6, ¶10.

  5. There is no supporting declaration stating that the Debtor operates profitably; therefore, it is unknown whether continued operations are beneficial.  ECF 7.

6. There is no supporting declaration stating that any of the proposed critical vendors have refused to conduct business with the Debtor post-petition.

7. There is no supporting declaration stating that the going concern value of the Debtor exceeds its liquidation value.

**Application of facts and legal authorities:**

The general rule is that a distribution on pre-petition debt in a Chapter 11 case should not take place except pursuant to a confirmed plan of reorganization, absent extraordinary circumstances. In re Air Beds, Inc., 92 B.R. 419, 422 (9th Cir. BAP 1988).

Further, a basic principle of bankruptcy is that like creditors get treated alike. See, In re Kmart Corp., 359 F.3d 866, 872 (7th Cir. 2004); Matter of B & W Enterprises, Inc., 713 F.2d 534, 535-538 (9th Cir. 1983) ("absent compelling reasons, we deem it unwise to tamper with the statutory priority scheme devised by Congress"); In re EcoSmart, Inc., 2015 WL 9274245 (Bankr. C.D. Cal. 2015). This insures the fairness of the bankruptcy system. To deviate from this basic principle and allow some unsecured creditors to be paid before others and in advance of creditors with a higher priority, the Debtor has a heavy evidentiary burden to prove the required elements.

In this matter, there is no supporting declaration stating that any of the proposed critical vendors have refused to do business with the Debtor without the prior payment of the pre-petition debt. Exhibit B to the Motion is merely an unsupported, unsworn pleading. Similarly, there is no supporting declaration stating that the material supplied is unavailable from other sources and that the Debtor's going concern value exceeds its liquidation value, so that the creditors not paid as critical vendors are benefitted.

There is no evidentiary support for the relief requested and therefore, the Motion should be denied.

## **CONCLUSION**

WHEREFORE, for all the reasons stated above, the US Trustee respectfully requests the Court deny the Motion, and grant such other relief as the Court deems proper.

DATED this 5th day of September, 2017.

                                          Respectfully submitted,

Nicholas Strozza
State Bar # CA 117234
William B. Cossitt
State Bar #3484
300 Booth Street, #3009
Reno NV 89509
(775) 784-5335

/s/ WILLIAM B. COSSITT
_____
Attorneys for United States Trustee
Tracy Hope Davis

4

**CERTIFICATE OF SERVICE**

1.　On September 5, 2017 I served the foregoing US TRUSTEE'S OPPOSITION TO DEBTOR'S EMERGENCY MOTION AUTHORIZING DEBTOR TO PAY CRITICAL VENDORS

2.　I served the above-named document( by the following means to the persons as listed below:

☑　a.  ECF System:

- ROBERT R. BENJAMIN    rrbenjamin@gct.law, mperez@gct.law;myproductionss@gmail.com;tstephenson@gct.law
- ANTHONY J. D'AGOSTINO    ajdagostino@gct.law, mperez@gct.law;myproductionss@gmail.com;tstephenson@gct.law
- STEPHEN R HARRIS    steve@harrislawreno.com, hannah@harrislawreno.com;norma@harrislawreno.com
- CAREN A. LEDERER    calederer@gct.law, mperez@gct.law;myproductionss@gmail.com;tstephenson@gct.law
- U.S. TRUSTEE - RN - 11    USTPRegion17.RE.ECF@usdoj.gov
- BARBARA L YONG    blyong@gct.law, mperez@gct.law;myproductionss@gmail.com;tstephenson@gct.law

☑　b.  U.S. Mail, postage fully prepaid:

SIERRA CHEMICAL CO.
2302 LARKIN CIRCLE
SPARKS, NV 89431

I declare under penalty of perjury that the foregoing is true and correct.

　　　　DATED this 5th day of September, 2017.

　　　　　　　　　　　　　　　　　　/s/ Robbin Little
　　　　　　　　　　　　　　　　　　ROBBIN LITTLE

5