BARBARA L. YONG, ESQ.
Illinois Bar No. 6184000
ROBERT R. BENJAMIN, ESQ.
Illinois Bar No. 0170429
CAREN A. LEDERER, ESQ.
Illinois Bar No. 6244631
BEVERLY A. BERNEMAN, ESQ.
Illinois Bar No. 6189418
ANTHONY J. D'AGOSTINO, ESQ.
Illinois Bar No. 6299589
GOLAN CHRISTIE TAGLIA LLP
70 West Madison Street, Suite 1500
Chicago, IL 60602
Telephone: (312) 263-2300
E-Mail: blyong@gct.law,
rrbenjamin@gct.law, calederer@gct.law,
baberneman@gct.law, ajdagostino@gct.law

STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, NV 89511
Telephone: (775) 786-7600
E-Mail: steve@harrislawreno.com

Proposed Attorneys for Debtor                    Proposed Local Counsel for Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| IN RE:<br><br>SIERRA CHEMICAL CO., a Nevada<br>domestic corporation,<br><br>Debtor. | Case No. 17-51019-btb<br>(Chapter 11)<br><br>**EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO INCUR UNSECURED DEBT FROM CARUS CORPORATION (11 U.S.C. § 364(b)) AND ALLOWING SAME AS AN ADMINISTRATIVE EXPENSE**<br><br>Hearing Date: OST Pending<br>Hearing Time: OST Pending<br>Est. Time:     15 minutes<br>Set by:        Judge Beesley |

COMES NOW, Debtor and Debtor-In-Possession, SIERRA CHEMICAL CO., by and through its attorneys, BARBARA L. YONG, ESQ., of GOLAN CHRISTIE TAGLIA LLP and STEPHEN R. HARRIS, ESQ., of HARRIS LAW PRACTICE, and hereby files its MOTION

1

FOR ORDER AUTHORIZING DEBTOR TO INCUR UNSECURED DEBT FROM CARUS CORPORATION (11 U.S.C. § 364(b)) AND ALLOWING SAME AS AN ADMINISTRATIVE EXPENSE (11 U.S.C. § 503(b)) ("Motion"), requesting this Court enter its Order authorizing the Debtor to obtain post-petition financing on an unsecured basis from CARUS CORPORATION ("Carus" or "DIP Lender") and provide the DIP Lender with an administrative priority expense claim with respect to said financing, pursuant to 11 U.S.C. §364(b) and 503(b)(1) and Rule 4001(c) under the Federal Rules of Bankruptcy Procedure, and hereby states and alleges as follows.

## BACKGROUND

1. Debtor is in the business of manufacturing and distributing environmental chemicals for municipal, industrial and mining markets, supplying water treatment plants, agricultural facilities and food processors with essential chemicals from its production bases in Sparks, Nevada, and Stockton, California.

2. Since 2011, Debtor has maintained "zero-balance" accounts ("ZBA") for its daily operations, wherein all proceeds of daily deposits, less checks written for expenses, are "swept" from the account and applied to pay down an existing revolving line of credit loan at Bank of America. (Carus is a co-borrower on the line of credit, and likewise uses all excess cash in its account to pay down the line of credit.) To the extent that daily expenses exceed the available cash in the account, Debtor has drawn needed amounts against the line of credit.

3. Bank of America has declined to extend Debtor continuing access to the Bank of America line of credit. Therefore, to fund Debtor's operations post-petition, Carus will extend a new revolving line of credit to the Debtor in an amount not to exceed $1,200,000.00. Debtor will take advances on the line only as needed to pay daily expenses. The term of the loan is six months, and advances will bear interest at 4%. The Declaration of Susan Buchanan, Debtor's CFO, is attached hereto as Exhibit A.

4. Debtor recognizes that its post-petition revenue is Bank of America's cash

collateral, and subject to the Cash Collateral Order entered by this Court. Bank of America has consented to the Debtor's use of its cash collateral, to its borrowing from Carus to fund post-petition operations, and to Carus having the administrative priority requested herein.

## JURISDICTION

5. This Court has jurisdiction over this Chapter 11 proceeding pursuant to 28 U.S.C. § 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(3). Venue is proper before this Court pursuant to 28 U.S.C. § 1408 and 1409.

## RELIEF REQUESTED

6. By this Motion, Debtor seeks authorization under Section 364(b) of the Bankruptcy Code for the Debtor to incur unsecured debt to fund its continued operations. To the extent that the proposed line of credit is outside the ordinary course, Debtor seeks an order that Carus be granted an administrative priority for amounts advanced on the revolving line of credit under 11 U.S.C. § 503(b)(1). Pursuant to the terms of the proposed financing, Debtor will receive a line of credit from CARUS in the amount of $1,200,000.00, to allow Debtor to fund its estate, continue its day to day operations, including paying vendors which are now demanding COD terms for new orders, and to pay Debtor's counsel and other retained professionals for services rendered on behalf of Debtor's estate and its creditors. Said line of credit would also be used to allow Debtor to remain current in its debt service to its secured lender, Bank of America.

7. The proposed DIP loan from Debtor's owner and co-borrower under the Bank of America line of credit, under Section 503(b)(1) of the Bankruptcy Code, would be a continuation of the prior and procedure, except that instead of drawing on a line of credit from Bank of America, the Debtor will draw on a line of credit from Carus, with a cap placed at $1,200,000.00, and provide Carus with administrative expense status under Bankruptcy Code

3

§503(b)(1) for such distributions to the Debtor's estate.

## BASIS FOR RELIEF REQUESTED

8. 11 U.S.C. § 364(b) allows the Court, after notice and hearing, to authorize the Debtor-In-Possession to incur unsecured debt that is not in the ordinary course of the Debtor's business, allowable under 11 U.S.C. § 503(b)(1) as an administrative expense. Sierra believes that it is in the best interests of the estate and creditors to borrow funds from the DIP Lender on an as needed basis, in order to continue its ability to operate and pay its allowed administrative expenses, as well as Debtor's day-to-day operational costs and debt service necessary to preserve the assets of the Debtor's estate.

9. In order to meet its monthly operating expenses and monthly debt service, Debtor requires an estimated $1,984,000.00 per month. **See Exhibit A**. Debtor's income is estimated and averages $2,000,000.00 per month. However, Debtor anticipates at times having insufficient income in the short term to meet monthly operating expenses, debt service and to pay professionals, so will draw on the Carus line of credit to meet these needs until Debtor's assets can be sold and proceeds and other funds received. Debtor anticipates that sale proceeds will be more than adequate to pay all secured creditors and make a substantial distribution to unsecured creditors, but preparing for said sale will take time, necessitating the need for the DIP Loan.

10. 11 U.S.C. § 364(b) provides in pertinent part as follows:

> (b) the court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section, allowable under section 503(b)(1) of this title as an administrative expense.

11. An Order granting authority to borrow on an administrative expense priority basis must be supported by a finding that the loan is an actual, necessary cost to preserving the

4

estate under 11 U.S.C. § 503(b)(1)(A).  In Re Club Development and Management Corp., 27 B.R. 610, 611 (9th Cir. BAP 1982).  An allowance pursuant to Section 503(b)(1) of the Bankruptcy Code is two-fold: it is not only an allowance against the estate, but also an administrative expense claim that enjoys a priority over other unsecured claims.  Standard Oil Company v. Kurtz, 330 F.2d 178, 180 (8th Cir. 1964); The Matter of Witt Dairy Co., 48 F. Supp. 964 (N.Dist.CA 1942).

12. In the instant case, the credit line is necessary to help protect and preserve Debtor's estate.  As set forth herein, Debtor would have more difficulty in the short-term meeting and paying monthly operating expenses, monthly debt service, administrative costs and expenses of preserving the estate without the credit line from Carus.  This is particularly true at the outset of this case, when certain vendors are requiring payment of cash in advance in order to deliver product (chemicals) necessary to Debtor's daily operations.  The DIP Loan is necessary to pay these vendors, so the Debtor can fill its customers' orders.

13. Without the credit line as provided for herein, it would be impossible for the Debtor to preserve the assets of the estate and pay for administrative costs.  Bank of America has declined to advance Debtor additional sums under the existing line of credit, so Debtor would be forced to seek other alternative forms of financing, which would be more time consuming to procure and more costly to the estate, and which would ultimately work to the detriment of all the creditors of the estate.

14. Debtor believes that it is in the best interest of its estate and creditors to borrow funds from Carus in order to pay its monthly operating expenses, allowed administrative expenses, and debt service, as necessary.

**NOTICE**

15. Given the emergency nature of the relief requested herein, and the potential disruption to the Debtor's business that will ensue if such relief requested is not granted, the Debtor submits that no further notice need be given prior to the granting of the relief sough herein. The United States Trustee's Office has indicated its consent to having this Motion heard on shortened notice.

WHEREFORE, Debtor, SIERRA CHEMICAL CO., requests an Order from this Court authorizing it to borrow funds from CARUS CORPORATION. in amounts to be determined by the needs of the Debtor and on terms and conditions as set forth above, which amount shall not exceed the sum of $1,200,000.00, and as an allowable administrative expense under 11 U.S.C. § 503(b)(1); and for such other and further relief as is just and proper.

*/s/ Barbara L. Yong*
_____
Barbara L. Yong, Esq.

BARBARA L. YONG, ESQ.
ROBERT R. BENJAMIN, ESQ.
CAREN A. LEDERER, ESQ.
BEVERLY A. BERNEMAN, ESQ.
ANTHONY J. D'AGOSTINO, ESQ.
GOLAN CHRISTIE TAGLIA LLP
70 West Madison Street, Suite 1500
Chicago, IL 60602

STEPHEN R. HARRIS
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, NV 89511

Proposed Attorneys for Debtor

# EXHIBIT "A"

| | | |
|---|---|---:|
| 1 | Revenue | 2,000,000 |
| 3 | 1. Freight | 320,000 |
| 4 | 2. Cost of Materials | 1,025,000 |
| 5 | 3. Leases (Sparks, Stockton, Forklifts, Compressors) | 65,000 |
| 6 | 4. Salary & Wages (Salaried and Hourly) | 250,000 |
| 7 | 5. Payroll Taxes | 21,000 |
| 8 | 6. Benefits (employees, medical, etc.) | 50,000 |
| 9 | 7. Miscellaneous | 25,000 |
| 10 | 8. Utilities (telephone, electric, water) | 30,000 |
| 11 | 9. Insurance | 35,000 |
| 12 | 10. Outside services (temporary help, enviornmental, etc) | 50,000 |
| 13 | 11. Repairs and Maintenace | 65,000 |
| 14 | 12. Real estate taxes | 23,000 |
| 15 | 13 Travel | 10,000 |
| 16 | 14. Professional Fees | 15,000 |
| 18 | Expenses | 1,984,000 |
| 20 | Net Income | 16,000 |